ALLREAD, J.
This is an action against a physician for malpractice. There was an instructed verdict for the defendant in the court below.
The plaintiff in error, a child about five or six months of age, had spilled lye upon its face and in its left eye. About one-half hour thereafter the defendant in error was called to administer relief. After a few day’s treatment the child was •taken to the hospital and the eye was removed.
This is a most unfortunate ease — indeed a very sad case— ■but it does not follow from the accident alone and the result, that the physician is liable unless he fails to use the skill and care which an ordinary physician in the general practice is accustomed to employ under like circumstances. It would be unjust to the defendant to hold him to the standard of a specialist or one equipped with hospital service. The only specification of negligence in the petition sought to be sustained by the evidence is that the defendant, “failed to wash the lye out of the said eye.”
The undisputed evidence is that the lye would be completely slackéd by the tears from the eye in five minutes and that the burning of the eye would occur only during the process of slacking. The undisputed evidence is that the physician did not arrive until twenty or thirty minutes after the accident *681 and had only to deal with the slacked lye — the process of burning having been completed.
Doctor Ayer’s testimony as to the proper treatment relates to the time of the accident. He says, page 34, “The physician should wash the eye out immediately.” He also says as to the wash, “water is the most handy and is the thing most people use; it is what I would use at first, at the very start, until I could get something to counteract the lye.” Doctor Sykes’ opinion also refers to treatment at the time of the injury and while the lye is still burning. So that we have in fact no medical testimony as to the proper treatment after the burning of the lye has subsided and the presumption is in the absence of evidence to the contrary that the physician was not negligent.
The claim that the defendant was negligent in not having the child removed to a hospital or other more favorable location is not supported by the pleadings.
We are, therefore, of opinion that the evidence was not complete as to all the essential facts necessary to sustain a cause of action. It does not appear that any evidence tending to complete the cause of action was rejected by the court. The other alleged errors presented by plaintiff in error in his argument and brief would not be prejudicial in the present situation.
Finding no prejudicial error therefore the judgment is affirmed.
Ferneding and Kunkle, JJ., concur.